**JOHNSON SUPPLY CO. et al.**

**v.**

**WILLIAMS.**

Court of Appeals of Kentucky.

Feb. 12, 1954.

Craft & Stanfill, Hazard, for appellants.

Napier & Napier, Hazard, for appellee.

CLAY, Commissioner.

On this appeal from a judgment setting aside an order of the Workmen's Compensation Board, the question is whether or not the employee's admitted injuries arose out of and in the course of his employment. The Board decided they did not; the circuit court reached the opposite conclusion.

Appellee was employed by appellant as a coal truck driver. On the day of the injury he had hauled a load of coal to appellant's tipple. There he procured some explosive powder which he placed in the company owned truck. He drove the truck to the home of his father-in-law and there left it; picking up his wife, mother-in-law and a nephew in a "jeep" owned by his father-in-law. He drove the "jeep" back to the town of Chavies. Returning in this vehicle to the home of his father-in-law from Chavies he was involved in a highway accident.

The foregoing facts are not in dispute. There is, however, a conflict of evidence with respect to the purpose of and an event which occurred on this trip. The employee's evidence is to the effect that when appellant's superintendent ordered him to load the powder at the tipple he had not told appellee where to deliver it. He testified that he was taking the trip in the "jeep" for the purpose of locating the superintendent so that he could find out from him where to deliver the powder. It is suggested that his wife, mother-in-law and nephew were simply going along for the ride.

Before reaching Chavies he saw the superintendent, who was parked on the side of the highway having difficulty with his own automobile. According to appellee he asked the superintendent where to deliver the powder, was given instructions and also advised to hurry back because it looked like rain. Appellee then drove into Chavies and his wife made a purchase at the grocery store. On the return trip from Chavies the accident happened.

Appellant's superintendent testified that at the tipple appellee had said he wanted

some powder to take to the Lawrence Napier Mine. He was given permission to procure it. On that day appellee was hauling coal from no other mine. The superintendent agrees that he saw appellee later that afternoon when he was taking the trip in the "jeep", but the former stated that when appellee stopped nothing was said about any powder.

It is evident from the above brief discussion of the evidence that a material question of fact was presented as to whether or not the employee was making the trip to Chavies on company business or was on a private mission of his own for himself or members of his family. The Board gave more credence to the testimony of appellant's superintendent than to the testimony of appellee's witnesses, considering it somewhat extraordinary that appellee should pick up powder to be delivered without asking where it should be delivered, and that he should be traveling around with his family in a private vehicle on the alleged company business. The finding of the Board was that appellee was on a private mission.

■ There was ample evidence to support the Board's finding. It is the contention of appellee, however, that the Board reached a *conclusion of law* with respect to whether or not appellee's injuries arose out of and in the course of his employment and for that reason we should give no weight to such determination. Several cases are cited to the effect that a finding of this nature is one of law, and that the rule with respect to the weight normally given the Board's finding will not apply. One of the earlier cases is January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117. However, as appears in that case and numerous subsequent cases, the principle announced is only applicable if there is *no dispute with respect to the controlling facts.* See Joseph W. Greathouse Co. v. Yenowine, 302 Ky. 159, 193 S.W.2d 758, and cases cited therein.

■ In this case there was a serious dispute concerning the purpose of the trip made by the employee. The Board's finding

was that he was on a private mission. This was a finding of fact by which we are bound since there was convincing evidence of substance to support it. The Board correctly applied the law to its factual determination in denying compensation.

The judgment is reversed, with directions to confirm the order of the Workmen's Compensation Board.